IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DOUGLAS ROBERTS, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No.: |
| WILLIAMS & FUDGE, INC., | ) |
| Defendant. | ) |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, and for Plaintiff's Complaint against the Defendant and states as follows:

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq. [hereinafter "FDCPA"]), by the Defendant and its agents in its illegal efforts to collect a consumer debt from Plaintiff.

## JURISDICTION

2. Personal jurisdiction exists over Defendant as Defendant has the necessary minimum contacts with the State of Alabama and this suit arises out of Defendant's specific conduct with Plaintiff in Alabama. All the actions described in this suit occurred in Alabama.

3. Subject matter jurisdiction exists under federal question jurisdiction (28 U.S.C. Section 1331) and through diversity jurisdiction (28 U.S.C. Section 1332) as the amount claimed exceeds $75,000.00 between these diverse parties.

## VENUE

4. Venue is proper as Defendant does business in this judicial district.

## PARTIES

5. Plaintiff Douglas Roberts (hereinafter "Plaintiff") is a natural person who is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant Williams & Fudge, Inc. ("Defendant" or "W&F[1]") is a foreign debt collection firm that engages in the business of debt collection in this judicial district in Alabama. It is a "debt collector" under the FDCPA. It is incorporated in South Carolina and has its principal place of business is in South Carolina.

7. Defendant W&F claims to collect on defaulted consumer debt.

8. Defendant W&F sends collection notices to consumers, makes collection calls to consumers, and credit reports on consumers.

---

[1] "W&F" means W&F directly or through its debt collectors, employees and agents who took any collection action against Plaintiff.

## **RECOGNITION BY CONGRESS OF THE WIDESPREAD ABUSE BY COLLECTORS**

9. Congress found it necessary to pass the FDCPA due to rampant abusive practices by dishonorable debt collectors.

10. Congress recognized that there are four social ills caused by abusive debt collection: (1) Unnecessary personal bankruptcies; (2) Marital instability; (3) Loss of jobs; and (4) Invasions of individual privacy.

11. Congress also found that it is fundamentally unfair for the abusive collection agencies to have an unfair competitive advantage over those honorable debt collectors that decide to obey the law and follow the rules.

12. 15 USC § 1692 is entitled "Congressional findings and declaration of purpose" and it states as follows:

   (a) There is **abundant evidence** of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**
   (b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.
   (c) **Means other than** misrepresentation or other **abusive debt collection practices are available for the effective collection of debts.**
   (d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.
   (e) It is the **purpose** of this title to **eliminate abusive debt collection practices** by debt collectors, to **insure that those debt**

**collectors who refrain from using abusive debt collection practices are not competitively disadvantaged,** and to promote consistent State action to protect consumers against debt collection abuses.

[Emphasis added].

## FACTUAL ALLEGATIONS AGAINST W&F

### University of South Alabama Bill Is Not Owed By Plaintiff

13. Defendant claims Plaintiff owes money for a class when he was a student at University of South Alabama.

14. Plaintiff did not and does not owe this money to the school or anyone else, including Defendant W&F.

15. Defendant W&F began collecting on this debt.

16. On November 24, 2015, attorney Ginger Poynter wrote a letter to Defendant W&F and instructed them to cease and desist all contact and the alleged debt was disputed.

17. Defendant W&F understood Plaintiff was represented by a lawyer.

18. Defendant W&F understood it could no longer communicate by phone or letter or any other manner directly to Plaintiff.

19. Defendant W&F understood a cease communication letter meant it was no longer allowed to call or send collection letters to Plaintiff or Plaintiff's counsel.

4

20. This is basic FDCPA knowledge that any new collection company would know.

21. Defendant W&F is a very sophisticated and experienced debt collector.

22. What happened next was not a mistake.

23. Instead, this is part of a deliberate plan by Defendant W&F to violate the FDCPA to strong arm consumers into paying debts not owed.

### Defendant W&F Sends a Collection Letter On January 18, 2016

24. Defendant W&F sent Plaintiff a collection letter dated January 18, 2016, claiming Plaintiff owed for the University of South Alabama bill.

25. The January 18, 2016, letter also violated the FDCPA by communicating directly with a represented client and communicating after a cease and desist letter was received by Defendant W&F.

26. The amount Defendant W&F was collecting was $837.70.

27. The letters and calls from Defendant were false and harassing, as no money was owed from Plaintiff to Defendant W&F.

### Two Downsides Of Defendant W&F's Business Model

28. This business model of violating the law intentionally has only two downsides.

29. First, it is wrong to collect debts not owed and violate the laws on cease and desist letters and representation letters.

30. Second, it exposes Defendant W&F to lawsuits.

31. The first concern is of no importance to Defendant W&F, as it makes no claim to conducting business in a legal manner.

32. The second concern is also of no importance as so few lawsuits ever get filed that the profits made by this type of mis-conduct greatly exceed any minor cost of being sued by consumers.

33. And Defendant W&F will argue this is merely a "technical" violation and not deserving of any money damages.

34. All of this has been well thought out by Defendant W&F to continue to allow it to break the law and then on the rare occasions it gets sued, it will argue the lawsuits should not be brought.

35. It is Plaintiff's belief that the present lawsuit and a judgment[2] against Defendant W&F will help Defendant W&F change its business practices, at least in Alabama.

### Additional Factual Allegations Against Defendant W&F

36. Defendant W&F has collected against Plaintiff when Plaintiff did not owe any money to Defendant W&F on this account, which violates the alleged agreement creating this debt as the agreement does not allow for collecting a debt that is zero from anyone, including Plaintiff.

---

[2] Judgments typically have to be reported by debt collectors, such as Defendant W&F, to all licensing boards and agencies. Especially judgments involving the violation of the FDCPA.

37. Defendant W&F has misrepresented the debt as being owed, when it was not owed.

38. Defendant W&F has misrepresented the debt to Plaintiff, including the legal status of the debt, as none was owed during the time that Defendant W&F has been collecting on the debt.

39. Defendant W&F has taken action it knows is illegal including its communications after a letter of representation and after a cease and desist letter.

40. Defendant W&F knew that by its conduct described in this Complaint that the natural consequence – the desired consequence – would be that Plaintiff (and all others similarly situated) would be harassed, oppressed, and abused by the collection activities and by all other wrongful acts described in this Complaint.

41. The debt being collected is a consumer debt as defined by the FDCPA.

42. Plaintiff is a "consumer" as defined by the FDCPA.

43. Defendant W&F is a "debt collector" as defined by the FDCPA as when it allegedly received the supposed debt owed by Plaintiff, the alleged debt was in default and the collecting of defaulted debt is a major part of the business of Defendant W&F.

44. Defendant W&F has full knowledge of what it is doing by its wrongful collection activities (including any illegal credit reporting[3]) – it is a sophisticated debt collector and the decisions outlined in this Complaint and that will be shown through discovery were not "rogue" or "outlier" decisions but instead represent a well thought out plan and scheme to take money from Alabama consumers (including Plaintiff) that Defendant W&F has no right to take under state law and under the FDCPA.

45. The conduct of the Defendant W&F has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

46. It is a practice of the Defendant W&F to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FDCPA.

47. All actions taken by employees, agents, servants, or representatives of any type for the Defendant W&F were taken in the line and scope of such individuals' employment, agency or representation.

---

[3] It is not known if Defendant W&F has or will credit report but given its violation of other parts of the FDCPA, Plaintiff believes Defendant W&F has in the past or will in the future credit report on Plaintiff.

48. At no time has Defendant W&F told or implied to Plaintiff that any conduct by any agent or employee of Defendant W&F was outside the line and scope of such employment or agency.

49. All actions taken by the Defendant W&F were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the FDCPA and/or that it knew or should have known that its actions were in reckless disregard of the FDCPA.

50. Defendant W&F is liable to Plaintiff through the doctrine of Respondeat Superior for the wrongful, intentional and negligent acts, errors, and omissions done in violation of federal law by its collection employees and agents, including but not limited to violations of the FDCPA, in its attempts to collect this debt from Plaintiff.

## CAUSES OF ACTION

### COUNT I.

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
15 U.S.C. § 1692b(6)**

51. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

52. Section 1692b(6) prohibits communication with consumer after receiving a letter of representation from an attorney (the limited exceptions do not apply here).

53. Defendant W&F violated Section 1692b(6) by collecting this debt as alleged in this Complaint in paragraphs 5-8 and 13-50.

54. The conduct of the Defendant W&F has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT II.

## VIOLATIONS OF THE FAIR DEBT COLLECTIONPRACTICES ACT
## 15 U.S.C. § 1692c(c)

55. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

56. Section 1692c(c) prohibits communication with consumer after consumer informs debt collector in writing that the consumer refuses to pay or wishes the debt collector to cease communications (the limited exceptions do not apply here).

57. Defendant W&F violated Section 1692c(c) by collecting this debt as alleged in this Complaint in paragraphs 5-8 and 13-50.

58. The conduct of the Defendant W&F has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT III.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692d

59. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

60. Section 1692d states, "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

61. Defendant W&F violated Section 1692d by collecting this debt as alleged in this Complaint in paragraphs 5-8 and 13-50.

62. The conduct of the Defendant W&F has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT IV.

## VIOLATIONS OF THE FAIR DEBT COLLECTIONPRACTICES ACT
## 15 U.S.C. § 1692e

63. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

64. Section 1692e prohibits, "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section [and the subsections of 1692e follow]."

65. Defendant W&F violated Section 1692e by collecting this debt as alleged in this Complaint in paragraphs 5-8 and 13-50.

66. The conduct of the Defendant W&F has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT V.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(2)

67. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

68. Section 1692e(2) prohibits, "The false representation of the character, amount, or legal status of any debt;"

69. Defendant W&F violated Section 1692e(2) by collecting this debt as alleged in this Complaint in paragraphs 5-8 and 13-50.

70. The conduct of the Defendant W&F has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT VI.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(8)

71. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

72. Section 1692e(8) prohibits, "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."

73. Defendant W&F violated Section 1692e(8) by collecting this debt as alleged in this Complaint in paragraphs 5-8 and 13-50.

74. The conduct of the Defendant W&F has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and

credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT VII.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692e(10)

75. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

76. Section 1692e(10) prohibits, "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

77. Defendant W&F violated Section 1692e(10) by collecting this debt as alleged in this Complaint in paragraphs 5-8 and 13-50.

78. The conduct of the Defendant W&F has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT VIII.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692f

79. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

80. Section 1692f states, "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

81. Defendant W&F violated Section 1692f by collecting this debt as alleged in this Complaint in paragraphs 5-8 and 13-50.

82. The conduct of the Defendant W&F has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT IX.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692f(1)

83. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

84. Section 1692f(1) forbids, "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

85. Defendant W&F violated Section 1692f(1) by collecting this debt when the account agreement never authorized collecting a debt no longer owed and as alleged in this Complaint in paragraphs 5-8 and 13-50.

86. The conduct of the Defendant W&F has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that judgment be entered against Defendant for all damages allowable (including statutory, actual, and compensatory), costs, expenses, attorney fees, injunctive relief to prevent further violations, and for such other and further relief as may be just and proper.

Respectfully Submitted,

_____
**John G. Watts (ASB-5819-t82j)**
**M. Stan Herring (ASB-1074-n72m)**
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com
**Attorneys for Plaintiff**

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

_____
**Attorney for Plaintiff**

16

**Serve defendant via certified mail at the following address:**

Williams & Fudge, Inc.
c/o Gary L. Williams
300 Chatham Ave
Rock Hill, SC 29730